## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| RIVER BEND MANOR HOME ASSOCIATION, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 1:24-cv-07895 |
| v. | )<br>)<br>) |
| CAMBRIDGE MUTUAL FIRE INSURANCE COMPANY, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(a), Defendant, Cambridge Mutual Fire Insurance Company ("Defendant") petitions the Court for removal of the action described below from the Circuit Court of DuPage County, Illinois to this Court, and in support thereof, states as follows:

1. On July 23, 2024, Plaintiff, River Bend Manor Home Association ("Plaintiff") filed this action against Defendant in the Circuit Court of DuPage County, Illinois, where it was assigned Case Number 2024 LA 000890.

2. The Summons and Complaint, true and correct copies of which are attached as Exhibit A, were received by the Director of the Illinois Department of Insurance, as Defendant's agent for service of process, on August 2, 2024.

3. The Complaint seeks monetary damages for breach of contract (Count I) and violation of Section 155 of the Illinois Insurance Code (Count II) arising out of an insurance claim for damage to Plaintiff's property allegedly due to wind and/or hail on or about April 4, 2023.

## BASIS FOR FEDERAL JURISDICTION

4. This court has original jurisdiction of this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. *See* 28 U.S.C. § 1441.

5. Removal to the United States District Court for the Northern District of Illinois, Eastern Division, is proper because it is the district and division embracing the place where the removed action was pending. 28 U.S.C. § 1441(a).

## DIVERSITY OF CITIZENSHIP

6. Plaintiff, River Bend Manor Home Association, is not a legal entity existing in the State of Illinois and, instead, appears to be a fictitious entity used by Manor Homes of Riverbend Condominium, a not-for-profit corporation organized and existing under Illinois law. As such, for jurisdictional purposes, Defendant understands Plaintiff to be a citizen of Illinois.

7. Defendant, Cambridge Mutual Fire Insurance Company, is a Massachusetts corporation with its principal place of business in Massachusetts.

8. There exists complete diversity of citizenship between Plaintiff and Defendant.

## AMOUNT IN CONTROVERSY

9. The Complaint does not plead a specific amount in controversy in excess of the sum required under 28 U.S.C. § 1332(a). However, as set forth below, Defendant alleges that the amount in controversy, exclusive of interest and costs, exceeds $75,000.

10. The Complaint alleges that Defendant's alleged breaches of contract are the direct and proximate and cause of damage to Plaintiff in an amount in excess of $50,000. Pl.'s Compl. ¶ 30. Accordingly, Plaintiff's prayer for relief in Count I, seeks an award of damages "in an amount of at least $50,000.00" plus prejudgment and post-judgment interest and costs. *Id.* at p. 5.

11. Count II of the Complaint asserts a statutory cause of action under Section 155 of the Illinois Insurance Code, "which authorizes the award of reasonable attorney fees, other costs, plus statutory damages for an insurer's vexatious and unreasonable conduct in the handling of a claim under a policy of insurance." *Id.* at ¶ 33. Statutory damages recoverable under Section 155 are included in the amount in controversy for purposes of establishing diversity jurisdiction. *See West v. Nationwide Mut. Fire Ins. Co.*, 2015 WL 14069381, at *1-2 (N.D. Ill. July 10, 2015); *Kaplan v. Standard Fire Ins. Co.*, 2013 WL 5433463 (N.D. Ill. Sept. 30, 2013).

12. In the event a defendant is found liable under Section 155 "the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:

> (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
>
> (b) $60,000;
>
> (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action." 215 Ill. Comp. Stat. § 5/155.

13. Section (c) does not apply because Defendant did not offer any amount to settle this matter prior the filing of the lawsuit. As a result, given Plaintiff's allegation that its breach of contract damages are at least $50,000, Plaintiff could recover up to 60 percent of that amount ($30,000) as statutory damages under Section 155. *West*, 2015 WL 14069381, at *1-2; *Kaplan*, 2013 WL 5433463, at *5-6.

14. Defendant disputes Plaintiff's allegations and denies that it is liable to Plaintiff for any amount. However, Plaintiff's recoverable contractual damages ($50,000) and statutory damages ($30,000) establish an amount in controversy, exclusive of interest and costs, in excess of the $75,000 required to establish diversity jurisdiction.

## REMOVAL PROCEDURE

15. This Notice of Removal is timely because it was filed within thirty days after receipt of Plaintiff's initial pleading by Director of the Illinois Department of Insurance, as Defendant's agent for service of process, on August 2, 2024. *See* 28 U.S.C. § 1446(b)(1).

16. Promptly after filing this Notice of Removal Defendant will provide written notice of same to Plaintiff and to the clerk of the Circuit Court of DuPage County, Illinois. *See* 28 U.S.C. §1446(d).

WHEREFORE, Defendant, Cambridge Mutual Fire Insurance Company, hereby requests that this action now pending against it in the Circuit Court of DuPage County, Illinois be removed to this Court.

Dated: August 29, 2024    Respectfully submitted,

/s/ *Matthew P. Fortin*
Matthew P. Fortin
mfortin@batescarey.com
BatesCarey LLP
191 N. Wacker Drive, Suite 2400
Chicago, Illinois 60606
(312) 762-3136

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 29, 2024, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.

      Respectfully submitted,

/s/ *Matthew P. Fortin*
Matthew P. Fortin
mfortin@batescarey.com
BatesCarey LLP
191 N. Wacker Drive, Suite 2400
Chicago, Illinois 60606
(312) 762-3136